UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORY KRAUS,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>ADESA NEVADA, LLC,<br><br>                    Defendant(s). | Case No. 2:14-CV-717 JCM (PAL)<br><br>ORDER |

Presently before the court is defendant ADESA Nevada, LLC's (hereinafter "ADESA") motion for summary judgment. (Doc. # 29). Plaintiff Cory Kraus (hereinafter "Kraus") responded (doc. # 31), and ADESA replied (doc. # 32).

**I.    Background**

This matter involves a negligence claim that arises out of a security guard's contact with an electrified fence. (Doc. # 31 at 2). ADESA is a company that stores and auctions vehicles. (Doc. # 1-1 at 4; Kraus depo at 33:6-12). ADESA had contracted with U.S. Security Associates (hereinafter "U.S. Security") as an independent contractor for security services at its North Las Vegas location. (Doc. # 29 at 2). U.S. Security employed Kraus as a security guard. (Doc. # 29 at 2).

On May 22, 2012, Kraus was working on ADESA's premises and was informed by his supervisor at the beginning of his shift that the electric fence was off. (Doc. # 31 at 2). Kraus then went to pick up the graveyard shift radios offsite. Upon his return, Kraus attempted to close the fence gates but the fence was electrified. (*Id.*). Kraus suffered serious injuries when he touched the electrified fence. (Kraus depo at 88:11–94:3).

**James C. Mahan**
**U.S. District Judge**

Kraus filed the instant case in Nevada's Eighth Judicial District Court on March 19, 2014. (Doc. # 1–1 at 3). ADESA removed the case to this court pursuant to 28 U.S.C. § 1332, (doc. # 1), and discovery commenced. (*See* doc. # 8). ADESA then filed this motion for summary judgment, (doc. # 29), before discovery had concluded. (Doc. # 31 at 3).

**II.     Legal Standard**

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing

**James C. Mahan**
**U.S. District Judge**

party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. *Kraus' request to deny or continue motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) is deficient*

Federal Rule of Civil Procedure 56(d) (hereinafter "Rule 56(d)") states that "if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d)(2).

"The requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; [and] (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Further, the burden is on the non-moving party to show that the sought-after facts would prevent summary judgment. *Blough v. Holland Realty,*

**James C. Mahan**
**U.S. District Judge**

1  *Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) (citing *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151,
2  1161 n.6 (9th Cir. 2001)). However, a Rule 56(d) request will fail if the moving party failed to
3  identify how the sought-after facts would preclude summary judgment. *Tatum v. City & Cnty. of*
4  *San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006).

5      Kraus fails to satisfy the first and third requirements under Rule 56(d). First, Kraus fails to
6  allege what specific facts he is seeking to discover. Instead, Kraus offers a mere list of remaining
7  topics that he wishes to further explore. (Doc. # 31 at 4). Second, Kraus does not state how the
8  exploration of these topics will lead to the discovery of specific facts that will create a genuine
9  issue of material fact which precludes summary judgment. Nor does he state how those facts, if
10  discovered, will thwart ADESA's legal arguments for granting summary judgment.

11      For these reasons, Kraus' request to deny or continue ADESA's motion for summary
12  judgment under Rule 56(d) is deficient, and thus this court will deny that request.

13      ***B.  ADESA's motion for summary judgment***

14      The existence of a duty owed is a question of law, not a question of fact. *Turner v.*
15  *Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1177 (Nev. 2008). Under Nevada law, landowners
16  do not owe a duty to employees of independent contractors when the dangerous condition was
17  created was a part of the work and the danger was obvious. *Sierra Pacific Power Co. v. Rinehart*,
18  665 P.2d 270, 272 (Nev. 1983).

19      In *Sierra Pacific*, the landowners hired an independent contractor to construct a power
20  station. *Id.* at 272. The independent contractor and its subcontractors constructed a cooling tower
21  that was necessary to complete the power station. *Id.* at 272–73. During construction, an employee
22  of the independent contractor's subcontractor fell off the cooling tower and died. *Id.* at 272.[1] His
23  widow and his mother sued for wrongful death.

24      The Nevada Supreme Court held that the landowners owed no duty of care to the
25  employees of an independent contractor when the danger is created as a part of the work and it
26  was obvious. *Id.* at 272, 274. The court reasoned that the independent contractor was more aware

---

[1] Sierra Pacific Power Co. contracted with Stone & Webster Engineering Corp. to design and build the Valmy Power Plant. Stone & Webster then subcontracted with Ecodyne Cooling Products to erect a cooling tower. James Hahn, the decedent, was an employee of Ecodyne.

**James C. Mahan**
**U.S. District Judge**

- 4 -

of the risks associated with construction and therefore in a better position to mitigate those risks. *Id.* Further, the court found that:

> "[a]s long as an independent contractor is informed about particular safety risks, . . . there is no reason . . . why he alone should not be fully responsible for injuries to workmen arising out of the performance of inherently dangerous jobs in which the contractor has special skill and experience not shared with the owner."

*Id.* at 274 (quoting *Nelson v. United States*, 639 F.2d 469, 478 (8th Cir. 1980)).

Here, Kraus' claim fails because (1) Kraus fails to raise a genuine issue of material fact, and (2) ADESA owed no duty to Kraus as a matter of law. First, Kraus fails to identify a single disputed material fact. Instead, Kraus devotes his entire opposition to the request to continue or deny the motion for summary judgment under Rule 56(d). If there is no disputed material fact, then judgment is warranted as a matter of law. *Matsushita Elec.*, 475 U.S. at 586.

Second, ADESA did not owe a duty to Kraus, and thus an essential element of the claim is negated. Kraus was an employee of an independent contractor. (Doc. # 29 at 2). As a part of his duties, Kraus and other U.S. Security employees would arm and disarm the fence. (Kraus depo at 41:3–45:12). The decision to arm or disarm the fence was made depending on the shift's activities, (*id.* at 46:20–48:13), and was made by U.S. Security, not ADESA. (*Id.* at 48:9–15).

Further, Kraus knew the danger of the electrified fence. (Kraus depo at 65:13–18; 68:2–17). Similar to *Sierra Power*, the dangerous condition was created by U.S. Security and the danger was obvious to Kraus. Thus, under Nevada law, ADESA owes no duty to Kraus.

Therefore, with no genuine issue of material fact, and with an essential element of Kraus' claim negated, the court will grant ADESA's motion for summary judgment. The court does not reach ADESA's comparative negligence argument.

**IV.     Conclusion**

Based on the above analysis, the court finds that Kraus' request to deny or continue summary judgment under Rule 56(d) is deficient, and is therefore denied. Because Kraus did not raise a genuine issue of material fact, and since there is no duty owed to Kraus from ADESA as a

**James C. Mahan**
**U.S. District Judge**

- 5 -

matter of law, Kraus' claim must fail. Therefore, ADESA's motion for summary judgment is granted.

For the foregoing reasons,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (doc. # 29) be, and the same hereby is GRANTED, consistent with the foregoing.

The clerk shall enter judgment accordingly and close the case.

DATED March 23, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**